Daniel E. Winfree
Winfree Law Office, APC
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701
Phone: (907) 451-6500
Facsimile: (907) 451-6510
e-mail: dan.winfree@winfreelaw.com

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -7 PM 3:32

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF FORT YUKON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERIOR REGIONAL HOUSING ) <br> AUTHORITY, ) <br> ) <br> Defendant. ) | Case No. F00-0038 CV(JWS) |

**IRHA'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

This lawsuit was filed in December of 2000, five years ago. In its Complaint, plaintiff Native Village of Ft. Yukon ("NVFY") asserted five causes of action against defendant Interior Regional Housing Authority ("IRHA"), namely (1) failure to permit tribal oversight of NAHASDA programs, (2) failure to account, (3) non-compliance with NAHASDA, (4) mismanagement of tribal funds, and (5) breach of contract. The entire focus of the Complaint was on allegations of cost-overruns, of inappropriate application of FY allocations to previous FY activities, and of inappropriate accountings.



Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

The court issued a Scheduling and Planning Order on February 13, 2001 (Docket 7). Under the terms of that Order, motions to amend pleadings or add parties after July 1, 2001, may be granted "only upon leave of court and for good cause shown." As will be seen through the following discussion, NVFY has not shown "good cause" why it should be allowed to amend its Complaint to force IRHA to participate in what NVFY itself refers to as an appeal of HUD's agency determinations.

As this case progressed, the court (1) ruled that NVFY had an implied right of action to sue IRHA under NAHASDA, but that HUD had primary jurisdiction to deal with NVFY's complaints against IRHA, and (2) summarily dismissed three of NVFY's Counts against IRHA after HUD dealt with them, holding the last two Counts in abeyance pending HUD's final determinations. While the court and the parties were waiting for HUD's final determinations on the various issues raised by NVFY, NVFY raised another issue, namely the allegation that IRHA served persons ineligible for NAHASDA assistance in Ft. Yukon. The court has noted this issue in the context of the last two remaining Counts of NVFY's Complaint, even though it was not a part of NVFY's original Complaint, and has waited for HUD's determination on the issue.

There are two recent events of import. First, the court has agreed to reconsider its original ruling that NVFY has an



Vinfree Law Office
Professional Corporation
11 Cushman Street, Suite 200
airbanks, Alaska 99701-4629
elephone 907.451.6500
acsimile 907.451.6510

NVFY v. IRHA                                                Case No. F00-0038 (JWS)
*IRHA's Opposition to Motion Leave to*
*Amend Complaint*                                           Page 2

implied right of action against IRHA under NAHASDA. The final briefing on this issue is due December 16, 2005, and if the court agrees with IRHA, then all of NVFY's claims against IRHA will be dismissed. Second, HUD recently finished its determinations on NVFY's complaints, IRHA has complied with HUD's findings and directives, and HUD has issued a closing letter as to NVFY's complaints.[1] Thus, the court is in the position to rule summarily on the viability of the last two Counts of NVFY's Complaint on the basis of primary jurisdiction, just as the court already has dismissed the other three counts of the Complaint.

In the face of this, NVFY now seeks to amend its Complaint, primarily to add HUD as a party defendant. It is evident from a review of the proposed Amended Complaint that while NVFY wants to change its allegations against IRHA to include the allegations about the "ineligible recipients" issue, NVFY is not proposing to change or add any new Counts against IRHA. The Counts against IRHA in the Amended Complaint are the same Counts set forth in the original Complaint.

As already noted, three of those Counts already have been summarily dismissed by the court, and the other two Counts are ripe for summary dismissal now that HUD has acted. Moreover, the court still may decide that IRHA has no implied right of

---

[1] See IRHA Status Report, December 7, 2005.

NVFY v. IRHA                                          Case No. F00-0038 (JWS)
IRHA's Opposition to Motion Leave to
Amend Complaint                                                      Page 3

action against IRHA under NAHASDA at all, which also would require dismissal of all of the claims against IRHA, whether in the original Complaint or in the proposed Amended Complaint.

In light of the status of this litigation, IRHA opposes NVFY's request for leave to amend its Complaint at this time. At best, the court should take the request under advisement until it decides the pending dispositive motions. If the court rules in favor of IRHA on either or both the "primary jurisdiction" and the "implied right of action" issues, then the motion for leave to amend should be denied and judgment dismissing the lawsuit should be entered (without prejudice, of course, to NVFY's right to file suit or take other action against HUD as it may deem appropriate). If the court rules in favor of NVFY on both the "implied right of action" issue and on some part of the remaining "primary jurisdiction" issue, then the court could allow NVFY to amend its Complaint to add HUD as a party defendant as long as it is clear that NVFY is not being allowed to resurrect claims already dismissed by the court.



WINFREE LAW OFFICE
A Professional Corporation
Attorneys for Interior
Regional Housing Authority

Dated: 12-7-05

_____
Daniel L. Winfree
Alaska Bar No. 8206076

NVFY v. IRHA                                                Case No. F00-0038 (JWS)
*IRHA's Opposition to Motion Leave to*
*Amend Complaint*                                                         Page 4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of December, 2005, a true and complete copy of the foregoing was served by U.S. Mail on:

Michael Walleri
330 Wendell Street, Suite E,
Fairbanks, Alaska 99701

Courtesy Copy was served by U.S. Mail on:

Gary Nemec
Office of General Counsel
U.S. Department of Housing
  and Urban Development
3000 C Street, Suite 401
Anchorage, Alaska 99503

_____
Winfree Law Office



Winfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

NVFY v. IRHA                                   Case No. F00-0038 (JWS)
*IRHA's Opposition to Motion Leave to
Amend Complaint*                                              Page 5