IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| NATIVE VILLAGE OF FORT YUKON, Plaintiff, vs. INTERIOR REGIONAL HOUSING AUTHORITY, Defendant. | STATUS REPORT Case No. F00-0038 CV (TMB) |
|---|---|

COMES NOW, the Native Village of Fort Yukon (NVFY), by and through its undersigned attorney, to advise the Court as to status of the case.

**PROCEDURAL HISTORY OF CASE**

This is a case brought by a federally recognized Indian tribe (Native Village of Fort Yukon) against its housing authority (Interior Regional Housing Authority) seeking to recover funds which were admittedly misappropriated and/or mismanaged by IRHA.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The original Complaint contained five basic claims: Count I – Failure to Permit Tribal Oversight Under NAHASDA[1]; Count II – Breach of Trust (Failure to Account); Count III – Non-compliance Under NAHASDA;[2] Count IV – Breach of Trust (Mismanagement of Tribal Funds); Count V – Breach of Contract

There have been three (3) rounds of motion practice in the case. After initial motion practice, the Court on March 20, 2003:

- Held that Count's I and II were moot as a result of discovery.

---

[1] Native American Housing Assistance and Self-Determination Act. ("NAHASDA") *See generally* 25 USC §4101 et. seq.   Essentially, the tribe complains that IRHA violated NAHASDA by 1) failing to comply with the Indian Housing Plans, including redirecting FY 2000 funds from authorized activities to cover cost overruns experienced in FY 1998-1999 programs; 2) providing services to persons before determining whether they were eligible for services, 3) providing services to individuals not eligible for services under NAHASDA, and 4) failing to properly document expenditures.

[2] Essentially, the tribe complains that IRHA violated NAHASDA by 1) failing to comply with the Indian Housing Plans, including redirecting FY 2000 funds from authorized activities to cover cost overruns experienced in FY 1998-1999 programs; 2) providing services to persons before determining whether they were eligible for services, 3) providing services to individuals not eligible for services under NAHASDA, and 4) failing to properly document expenditures.  As a general matter, the fact that IRHA engaged in these actions is not disputed; rather the question is whether they were legally permitted to, whether HUD/AONAP could retroactively waive these requirements, and whether the tribe could recover damages.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*
*Native Village of Fort Yukon v IRHA, Case No. F00-0038 (JKS)*

Page 2 of 8

- Held that NVFY had an implied cause of action under NAHASDA (i.e. Counts III and IV)
- Stayed all proceedings pending agency (i.e. HUD/AONAP[3]) review of IRHA management under the doctrine of primary jurisdiction.
- Denied IRHA's motion for summary judgment as to Count V.

In March 2004, the Court lifted its stay and we had another round of motion practice. On February 9, 2005, the Court

- Denied NVFY's motion to reconsider the March order on Counts I & II, but modified its prior order reserving a claim for costs and attorney fees at end of litigation.
- Dismissed Count IV
- Denied NVFY & IRHA motions on Counts III and V pending outcome of agency review.
- Reinstated a stay of all proceedings pending further agency (i.e. HUD/AONAP) review of IRHA management under the doctrine of primary jurisdiction

---

[3] Alaska Office of Native American Programs (AONAP)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

In September 2005, IRHA moved for reconsideration of the March 2003 order respecting Count III (i.e. holding that the tribe had a private cause of action to enforce NAHASDA).

On November 17, 2005, HUD/AONAP, without notice to the tribe, concluded its agency review respecting the subject matter of this complaint by retroactively waiving several statutory provisions of NAHASDA, collecting $110,446.61 from IRHA, and refunding to IRHA that same amount of money, and redirecting those funds through amendment to its FY 2005 IHP to provide assistance for construction of a community hall in Eagle, Alaska.[4]

On November 25, 2005 the Tribe sought to amend its complaint to state a cause of action under the Administrative Procedures Act, and seek judicial review of the HUD decisions of November 17, 2005, which had been upon referral from this Court.

---

[4] IRHA disputes that the funds were redirected to Eagle, or that the funds will be used for this purpose.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

On December 12, 2005 the Court denied the tribes motion to amend its complaint to seek judicial review of the HUD agency actions. On December 20, 2005 the Court granted IRHA's motion for reconsideration, reversing its two prior decisions and holding that the tribe did not have a cause of action to enforce the terms of NAHASDA against a tribal housing authority.

**REMAINING ISSUES.**

There are two pending motions for reconsideration: on January 9, 2006 NVFY filed a motion to reconsider the Court's order of December 12, 2005 denying NVFY's motion to amend complaint. On February 13, 2006, NVFY filed a motion to reconsider the Court's order of December 20, 2005 granting Interior Regional Housing Authority's motion for reconsideration and holding that a tribe does not have a cause of action to enforce the terms of NAHASDA against a tribal housing authority. These motions are fully briefed and awaiting decision. In addition to these outstanding motions, the following issues remain for resolution:

- Count V – Contract Claims

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

- Count I & II (i.e. attorney and accounting costs incurred by NVFY)

**NVFY POSITION: RECOMMENDATIONS AND SUGGESTION OF INTERLOCUTORY REVIEW UNDER 28 USC 1292(b)**

The Tribe believes that the Court should rule on the Tribe's pending motions for reconsideration. However, the issues presented by the motion for reconsideration are issues of first impression and involve controlling questions of law. The prior three (3) inconsistent decisions by this Court on the issues suggest "there is a substantial ground for difference of opinion and that an immediate appeal from it may materially advance the ultimate termination of the litigation." Therefore, the NVFY respectfully suggests interlocutory review of the prior orders of dismissal and denial of the motion to amend by the Ninth Circuit under 28 USC 1292(b). It is recommended that regardless whether the Court grants or denies the motions for reconsideration, the Court should enter findings required under §1292(b) to allow the parties to petition for review to the Ninth Circuit of those decisions.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*
*Native Village of Fort Yukon v IRHA, Case No. F00-0038 (JKS)*

Page 6 of 8

In the alternative to interlocutory review, NVFY believes that the Contract claims may not be resolvable by dispositive motion practice and the remaining Count V should be set on for trial.

IRHA POSITION:

IRHA believes that the prior orders also dismissed Count V, or in the alternative. believes that it is subject to dismissal by a FRCP12(b)6) motion.

Dated: March 6, 2006

                                          Michael J. Walleri

                                          s/ Michael J. Walleri
                                          Attorney for Plaintiff
                                          Native Village of Fort Yukon
                                          AK Bar #7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*
*Native Village of Fort Yukon v IRHA, Case No. F00-0038 (JKS)*

Page 7 of 8

<u>Certificate of Service</u>

I hereby certify that under penalty of perjury that a true and Correct copy of the foregoing was sent to the following counsel of record on March 6, 2006 via ECF to:
Mr. Daniel Winfree
Winfree Law Offices
301 Cushman St. Suite 200
Fairbanks, Alaska 99701
s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725