Daniel E. Winfree
Corinne M. Vorenkamp
Winfree Law Office, APC
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701
Phone: (907) 451-6500
Facsimile: (907) 451-6510
e-mail: dan.winfree@winfreelaw.com
e-mail: corinne.vornenkamp@winfreelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF FORT YUKON, )
                              )
        Plaintiff,            )
                              )
vs.                           )
                              )
INTERIOR REGIONAL HOUSING     )
AUTHORITY,                    )
                              )
        Defendant.            ) Case No. F00-0038 CV(TMB)

**RESPONSE TO NVFY'S STATUS REPORT**

The Court previously directed Native Village of Fort Yukon ("NVFY") to prepare and file a status report by March 6, 2006. Although NVFY did so, its status report contains several inaccuracies and inadequately describes the position of Interior Regional Housing Authority ("IRHA").

**Alleged Admissions of Wrongdoing.**

Preliminarily, IRHA objects to and disputes NVFY's claim that funds "were admittedly misappropriated and/or mismanaged by IRHA." That is not the case. When NVFY first complained to HUD about IRHA's performance, HUD did determine that IRHA's information management systems and controls were deficient and

Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

that IRHA went about $60,000 over-budget with its projects in Ft. Yukon.  HUD required IRHA to implement better management systems and controls, which it did, and to pay for the $60,000 out of IRHA's own non-NAHASDA monies, which it did.  *See, e.g.,* Exhibit 1.

When NVFY later complained that IRHA had served 19 non-eligible persons in Ft. Yukon, HUD placed the burden on IRHA to establish the eligibility of those individuals or to make reimbursement to the NAHASDA program.  *See* Exhibit 2.  IRHA established eligibility for 13 of 19 persons, but, because of inadequate information in its files (due to the weak management systems and controls in place at the time), IRHA was unable to do so for the remaining 6 persons.  *See* Exhibit 3.  IRHA chose not to continue attempting to demonstrate the eligibility of the last 6 persons, finding it more cost-effective to simply acquiesce in HUD's reimbursement requirement and get the matter closed out.  *See, e.g.,* Exhibit 4.

IRHA denies that it misappropriated or mismanaged NAHASDA funds with respect to these 6 individuals.  IRHA may have been unable to demonstrate to HUD that the 6 people were eligible for service and may have decided to reimburse the NAHASDA program without further contest, but that does not mean in this case, where NVFY is suing IRHA and bears the burden of proof and persuasion on any viable claim, if any, that it may be able to



Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

assert against IRHA, that it is 'admitted' or 'true' or 'uncontested' that those 6 people actually were not eligible for services.

**Reimbursed Funds/Closing Notice/Use of Funds**.

IRHA reimbursed the NAHASDA program funds by delivering a check from IRHA's non-program funds to HUD in the amount of $110,446.61. HUD in turn approved the transfer of these non-program funds to IRHA as an additional amount of NAHASDA block grant money for use in Fiscal Year 2006, conditioned upon approval of an amendment to IRHA's Indian Housing Plan ("IHP"). *See* Exhibits 5-6. Accordingly, IRHA amended its IHP, and HUD approved that amendment. HUD then transferred the non-program funds received from IRHA to IRHA's NAHASDA account, and issued a closing notice.[1]  *See* Exhibit 6.

While NVFY alleges that these funds have been redirected for assistance in constructing a community hall in Eagle, Alaska,[2] there is no factual basis whatsoever for that contention. As IRHA previously made clear in its Status Report

---

[1] IRHA also takes exception to NVFY's claim that HUD completed its agency review "without notice to the tribe." IRHA diligently updated its disclosures and kept NVFY apprised of HUD's actions with respect to the contested issues. As HUD repeatedly informed NVFY, however, NVFY has no standing vis-à-vis HUD, and thus no right to direct involvement in the agency's review. Nonetheless, NVFY made its position(s) known to HUD every step of the way, and was aware of and thus involved in the administrative process as provided for under NAHASDA.

[2] *See* NVFY's 03/06/06 Status Report, p. 4, n.4.



Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

NVFY v. IRHA                                                Case No. F00-0038 (TMB)
Response to NVFY's Status Report                                          Page 3

filed December 1, 2005, the funds have not yet been designated for any particular project. IRHA <u>is</u> involved in a community hall construction project in Eagle, but that is a separate project, for which construction and funding was planned independently of NAHASDA's approval of IRHA's IHP amendment for receipt of the $110,446.61 at issue. As IRHA previously reported to the Court, IRHA's Board of Commissioners has directed IRHA's staff to recommend a NAHASDA project for which the money can be used. *See* Exhibit 7; IRHA's 12/01/05 Status Report, p. 2, n.1.

One of several proposals on the table has been to use the funds for additional housing assistance work in Fort Yukon. HUD has verbally confirmed that there is nothing to prevent the use of the funds on a NAHASDA project in Ft. Yukon. However, through counsel, NVFY has indicated that it does not want IRHA to control a NAHASDA project in Ft. Yukon.

### Reconsideration Motions.

NVFY's contention that there are two pending motions for reconsideration that "are fully briefed and awaiting decision" is overstated. NVFY did file two motions for reconsideration, but neither of them was in conformance with the requirements of Local Rule 59.1, and to date the Court has ignored them. Setting aside the Rule 59.1 procedural bars to consideration of NVFY's reconsideration motions, NVFY's claim that the motions

Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510



are "fully briefed" also is misleading. The Court has not invited any opposition; therefore, pursuant to Local Rule 59.1, IRHA has not responded to NVFY's late-filed and/or overly-long reconsideration motions.

**Remaining Claims**.

NVFY advocates for interlocutory review of Judge Singleton's December 21, 2005, ruling that NVFY has no implied right of action against IRHA under NAHASDA, but does not state IRHA's position on that request.  IRHA does not join in that request, as this case is, or shortly should be, ready for Final Judgment in IRHA's favor.[3]  If NVFY wishes to continue to pursue this matter after entry of Final Judgment, its appellate rights will be fully preserved at that juncture.  Review before then, however, is improvident and ultimately will waste time and judicial resources, not preserve them.

As to attorney fees and costs, while NVFY contends that the Court's February 9, 2005, Order "reserve[d] a claim for costs and attorney fees,"[4] IRHA believes that the Court's implied-



---

[3] As NVFY notes, IRHA believes the Court's ruling that NVFY has no implied right of action under NAHASDA effectively disposes of all of NVFY's claims against IRHA, including Count V (Breach of Contract).  Even if not already implicitly dismissed, Count V can be disposed of by a Civil Rule 12(b)(6) motion or a summary judgment motion.  IRHA is preparing that motion and will file it with the Court shortly.

[4] NVFY's Status Report, p. 3.

right-of-action ruling nullifies any possible right to attorney fees and costs on the part of NVFY with respect to Counts I and II. As the Court earlier noted in its February 9, 2005, Order, it denied NVFY's request for litigation costs and fees on Counts I and II "without prejudice to <u>any</u> party who ultimately prevails upon a final judgment in this case."[5] NVFY has not prevailed on Count I or Count II; however, even if it had, there is no legal basis for recovery of attorney fees by NVFY in this action, as discussed in IRHA's 01/09/06 Status Report.

**<u>Settlement Status/Final Litigation Items</u>**.

Principals of the parties recently discussed settlement of the lawsuit, but were unable to come to mutually acceptable terms of resolution. The parties, therefore, need a final round of motion practice to determine the effect of Judge Singleton's prior rulings on NVFY's claims, and, if necessary, will need a trial on the merits of any claim(s) not disposed of by that motion practice. As noted earlier, IRHA will be filing a motion for dismissal of all claims shortly.

Dated: March 9, 2006

WINFREE LAW OFFICE
A Professional Corporation
Attorneys for IRHA
s/Daniel E. Winfree
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701
Phone: (907) 451-6500
Fax: (907) 451-6510
E-mail: dan.winfree@winfreelaw.com
Alaska Bar No. 8206076


---

[5] Court's 02/09/05 Order, p. 4 (emphasis added).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that
on the 9th day of March, 2006, a true
and complete copy of the foregoing, **IRHA's
Status Report**, was served Electronically on:

Michael Walleri
330 Wendell Street, Suite E,
Fairbanks, Alaska 99701

s/ Daniel E. Winfree

Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

NVFY v. IRHA                                             Case No. F00-0038 (TMB)
Response to NVFY's Status Report                                          Page 7

Exhibit Index

| | |
|---|---|
| Exhibit 1 | July 31, 2001 letter from HUD/AONAP to IRHA (WLO 0076-77); |
| | September 7, 2001 Memorandum from HUD to OAGA. |
| Exhibit 2 | April 26, 2004 letter from IRHA to HUD/AONAP. |
| Exhibit 3 | October 6, 2005 letter from HUD/AONAP to IRHA (WLO 1295-1296); |
| | September 21, 2005 Memorandum from HUD to AONAP (WLO 1297). |
| Exhibit 4 | May 31, 2005 letter from IRHA to HUD/AONAP. |
| Exhibit 5 | October 28, 2005 e-mail from HUD to IRHA (WLO 1299); |
| | November 2, 2005 letter from HUD/AONAP to IRHA (WLO 1300); |
| | November 15, 2005 letter from IRHA to HUD/AONAP, with enclosed check (WLO 1358-1359); |
| | November 10, 2005 letter from IRHA to HUD/AONAP, with enclosures (WLO 1301-02, 1317, 1345). |
| Exhibit 6 | November 17, 2005 letter from HUD/AONAP to IRHA (WLO 1360-61). |
| Exhibit 7 | October 27, 2005 Meeting Agenda for IRHA Board of Commissioners (WLO 1362-63); |
| | December 1, 2005 letter from IRHA's Counsel to Attorney Walleri (Counsel for NVFY)(WLO 1364-65). |



Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510