Daniel E. Winfree
Corinne M. Vorenkamp
Winfree Law Office, APC
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701
Phone: (907) 451-6500
Facsimile: (907) 451-6510
e-mail: dan.winfree@winfreelaw.com
        corinne.vorenkamp@winfreelaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF FORT YUKON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERIOR REGIONAL HOUSING ) <br> AUTHORITY, ) <br> ) <br> Defendant. ) | Case No. F00-0038 CV(TMB) |

**IRHA'S OPPOSITION TO NVFY'S MOTION FOR
RECONSIDERATION ON IMPLIED RIGHT OF ACTION**

I.   INTRODUCTION.

NVFY seeks reconsideration of the Honorable James K. Singleton's Order dated December 20, 2005, in which Judge Singleton reversed his prior ruling and held instead that NVFY does <u>not</u> have a private cause of action against IRHA for alleged 'enforcement' of the Native American Housing Assistance and Self-Determination Act ("NAHASDA").  Although the purported basis for NVFY's motion is an alleged intervening change in law, the decision relied on by NVFY is inapplicable here, as discussed below.  Moreover, NVFY's motion (as did NVFY's earlier



Winfree Law Office
A Professional Corporation
301 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

opposition to IRHA's motion for reconsideration) altogether ignores two of the three critical cases relied on by IRHA and presumably considered by Judge Singleton in reversing his earlier decision.

For these reasons, and as discussed below, NVFY's motion for reconsideration should be denied, and the Court's correctly-decided December 20, 2005, Order should stand.

## II. PROCEDURAL HISTORY OF IMPLIED RIGHT OF ACTION ISSUE.

Judge Singleton first briefly reviewed the issue of whether NVFY has an implied cause of action under NAHASDA in connection with NVFY's motion for a preliminary injunction early on in this case. At that juncture, Judge Singleton denied IRHA's motion for summary judgment on the issue.[1]

IRHA later moved for summary judgment on all claims, and renewed its earlier argument that there was no private cause of action under NAHASDA.[2] On March 20, 2003, Judge Singleton denied IRHA's motion to the extent it was based on IRHA's claim that NVFY did not have a private cause of action to sue IRHA under NAHASDA, but Judge Singleton stayed the NAHASDA claims against IRHA because he found that HUD had primary jurisdiction over the

---

[1] *See* Docket 74, March 20, 2003, Order, p. 2 (relaying procedural history).

[2] *See* Docket Nos. 61 (Motion); 66 (Opposition); 70 (Reply).

contested issues.[3]

Judge Singleton's March 20, 2003, decision heavily relied on the reasoning in *Dewakuku v. Cuomo*, 107 F.Supp.2d 1117 (D.Ariz. 2002) *("Dewakuku I")*, which held that there was a private right of action by which an individual tribal member could enforce the terms of the Indian Housing Act of 1988 ("IHA") (later repealed by NAHASDA). However, *Dewakuku I* was directly overruled by the Ninth Circuit Court of Appeals in *Dewakuku v. Martinez*, 271 F.3d 1031 (9th Cir. 2001) *("Dewakuku II")*.

Significantly, in overturning the lower court's decision, the *Dewakuku II* Court held that despite the stated congressional intent to provide adequate housing for low-income Indian families, there nonetheless was no implied private cause of action to enforce the Indian Housing Act's ("IHA") statutory provisions. In reaching its holding, the *Dewakuku II* Court rejected the idea that the special trust relationship between the United States Government and Indians was enough to create a private cause of action for the IHA's Indian beneficiaries.

> The foregoing [referencing the Government's special trust relationship with Indians and the Congressional intent behind the IHA] suggests some congressional desire to provide decent, safe, and sanitary housing for low-income Indian families through HUD implementation of Indian Housing projects. However, Congress' high hopes for HUD do not amount to the

---

[3] Docket 74.

Vinfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
airbanks, Alaska 99701-4629
elephone 907.451.6500
acsimile 907.451.6510

creation of an implied private cause of action. Congress makes many promises in the IHA. Missing among the promises, even implicitly, is the right to enforce a breach when HUD fails to carry out its mandate. For [the plaintiff] to prevail, among the many congressional promises <u>must be a private right of action to enforce the substantive law</u>. We cannot agree that Congress created such a right.[4]

The *Dewakuku II* decision substantially undermined Judge Singleton's March 20, 2003, ruling that an Indian tribe can bring a private right of action under NAHASDA. The *Dewakuku II* holding was inconsistent, for example, with Judge Singleton's statements that "in the Ninth Circuit Court of Appeals there 'is a presumption that . . . within the parameters of Indian law an implied cause of action is presumed.'"[5]

Moreover, in the period following Judge Singleton's March 20, 2003, Order both the United States Supreme Court and the Ninth Circuit Court of Appeals issued decisions that clarified how very narrow the circumstances are in which an implied cause of action may exist when it is not clearly specified by Congress.[6] Accordingly, based on these intervening decisions and the holding of *Dewakuku II*, on September 28, 2005, IRHA moved for

---

[4] 217 F.3d at 1040.

[5] Docket 74, March 20, 2003, Order, p. 6 (quoting *Dewakuku I*, 107 F.Supp.2d at 1127 n.30).

[6] *See* Docket 116, IRHA's Motion for Reconsideration, pp. 1-3, (citing *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1098-99 (9th Cir. 2005); *City of Rancho Palos Verde, California v. Abrams*, 125 S.Ct. 1453 (2003)).

NVFY v. IRHA
IRHA's Opposition to NVFY's Motion for
Reconsideration on Implied Right of Action

Case No. F00-0038 (TMB)
Page 4 of 13

reconsideration of Judge Singleton's March 20, 2003, Order.[7]

At Judge Singleton's invitation, NVFY filed an opposition to IRHA's reconsideration motion.[8] However, after review of the relevant law, Judge Singleton's reversed his earlier ruling, as IRHA urged.[9] In short, Judge Singleton's held that there is <u>not</u> an implied cause of action under NAHASDA.

Just two months later, after judicial reassignment of this case, NVFY moved for reconsideration of Judge Singleton's recently-reconsidered decision on the private right of action issue. NVFY contends there has been another intervening change in controlling law in the other direction, and claims a recent decision supports its position that there now <u>is</u> an implied right of action under NAHASDA. For the reasons set forth below, there is no merit to that claim. Judge Singleton correctly decided this issue on December 20, 2005, and this case now is ready to move forward to dismissal.

### III. EVIDENTIARY OBJECTIONS.

NVFY's motion involves a pure question of law that can and should be resolved without review of the underlying factual disputes in this case. Thus the asserted "facts" in NVFY's

---

[7] Docket 116.

[8] Dockets 118, 122.

[9] *See* Docket 127.

NVFY v. IRHA
IRHA's Opposition to NVFY's Motion for
Reconsideration on Implied Right of Action

Case No. F00-0038 (TMB)
Page 5 of 13

motion for reconsideration are altogether irrelevant to the appropriate disposition of the implied right of action issue. Accordingly, IRHA need not and will not respond to NVFY's alleged 'facts,' but notes that the vast majority of them are unsupported by any evidence and in many instances are entirely untrue.[10] IRHA reserves the right to contest NVFY's unsupported allegations, if necessary, should NVFY's claims be revived by this Court.

IV. DISCUSSION AND LEGAL AUTHORITY.

NVFY contends that *Watson v. Weeks*, 436 F.3d 1152 (9th Cir. 2006), supports NVFY's claim that it may privately sue IRHA under NAHASDA despite NAHASDA's clear remedial scheme to the contrary. However, *Watson v. Weeks* cannot sustain NVFY's claim. Under

---

[10] NVFY claims, for example, that "it is undisputed that the Housing Authority misappropriated funding." *See* Docket 138, NVFY's Memorandum in Support of Motion for Reconsideration, p.2. This accusation, unsupported by any evidence, is flatly untrue. The only undisputed facts concerning NVFY's claims of misappropriation by IRHA are that HUD has rejected as unfounded the majority of NVFY's contentions, and has substantiated only the fact that IRHA lacks adequate documentation to verify the eligibility of six NVFY tribal members who received housing assistance from IRHA. HUD concluded the total value of that housing assistance work for these individual NVFY tribal members was $110,446.61. *See, e.g.,* Docket 103, Order, p. 2 (granting summary judgment to IRHA on Count V and affirming earlier summary judgment ruling in IRHA's favor on Count II, finding IRHA in compliance with the FY 2000 IHP); Dockets 104, 140 (IRHA's Status Report and Response to NVFY's Status Report) (outlining HUD resolution of eligibility verification issues, with supporting evidence). IRHA previously disputed the total of $110,446.61, and continues to believe that the actual amount is substantially lower, but accepts the HUD finding on this issue <u>for purposes of this motion</u> only.



Vinfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
airbanks, Alaska 99701-4629
elephone 907.451.6500
acsimile 907.451.6510

NVFY v. IRHA                                             Case No. F00-0038 (TMB)
*IRHA's Opposition to NVFY's Motion for*                          Page 6 of 13
*Reconsideration on Implied Right of Action*

NAHASDA, although individual tribes have some limited oversight responsibilities over NAHASDA funds, HUD – not any individual tribe – is vested with sole authority to determine the appropriate remedy for noncompliance, up to and including filing suit against an Indian Housing Authority ("IHAs"). Accordingly, there is no private right of action under NAHASDA by which a tribe can usurp HUD's Congressionally-bestowed enforcement powers.

    A.    <u>*WATSON V. WEEKS* IS INAPPLICABLE</u>.

The *Watson v. Weeks* decision involves a claim under § 1983. In contrast, NVFY asserts it has an implied right of action to sue directly under NAHASDA, not § 1983. The tests for each type of claim, although sometimes similar, are critically distinct.

As discussed in *Watson v. Weeks*, the central question in a § 1983 private right of action inquiry is whether there is an individualized right at issue conferred by the Constitution or other federal law.[11] In contrast, for an implied cause of action to exist under a particular federal statute, it "'must be created by Congress.'"[12] The distinction is important, because under § 1983, if there is a showing that a state must "provide particularly specified benefits to particularly specified types

---

[11] 436 F.3d at 1159-60.

[12] *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1094 (9th Cir. 2005) (quoting *Alexander v. Sandoval*, 121 S.Ct. 1511 (2001)).



of individuals, <u>there is a presumption of a section 1983 right</u> . . . ."[13] There is no parallel for an implied right of action brought directly under a federal statute. To the contrary, such actions cannot be brought unless there is demonstrated Congressional intent "to create <u>not just a private right but also a private remedy.</u>"[14]

Thus NVFY's reliance on *Watson* is misplaced because mere indication that a statute is intended to benefit a particular type of individual is insufficient to create a private cause of action under a federal statute (rather than § 1983). Moreover, unlike the situation in *Watson* where there clearly was an individualized right at stake, NVFY is not granted similar rights under NAHASDA.

NAHASDA's very terms make clear that its focus is on providing adequate housing to tribes and their members "by making such [housing] assistance available directly <u>to the Indian tribes or tribally designated entities</u> . . . ."[15] Thus under NAHASDA, the 'right' to federal assistance for Indian (and Native Alaskan) housing needs ultimately is granted to a tribally-designated

---

[13] *Watson v. Weeks*, 436 F.3d at 1161 (citation omitted) (emphasis added).

[14] *San Carlos Apache Tribe*, 417 F.3d at 1094.

[15] 25 U.S.C. § 4101(7).

housing entity ("TDHE"), rather than an individual tribe, if the tribe has exercised its right to opt for a TDHE. Accordingly, there is no 'individual right' conferred on the tribe as is required for there to be a private right of action.

For these reasons, NVFY's request for reversal of Judge Singleton's Court's December 20, 2005, Order should be denied, and the Order should stand.

### B. NVFY'S TRIBAL STATUS DOES NOT CONFER A RIGHT TO SUE UNDER NAHASDA.

In its reconsideration motion, NVFY also relies on the fact that it is an Indian tribe beneficiary to suggest that it has an implied right of action to bring suit. This effort to avoid the clear applicability of *San Carlos Apache Tribe v. United States*, 417 F.3d 1091 (9th Cir. 2005), is unavailing. Contrary to Judge Singleton's earlier ruling on March 20, 2003, there is no presumption in favor of finding a private right of action when an Indian tribe is involved.[16]

For this reason too, Judge Singleton's December 20, 2005, Order was correct and should remain undisturbed.

---

[16] *See Dewakuku II*, 271 F.3d at 1040. *See also Solomon v. IRHA*, 313 F.3d 1194, 1205 (9th Cir. 2002) (Berzon, J., dissenting) ("The fundamental mandate to construe Indian-law statutes liberally in favor of Indians . . . does not provide a ready answer when, as here, Indian interests fall on both sides of the issue.").

Vinfree Law Office  
Professional Corporation  
01 Cushman Street, Suite 200  
Fairbanks, Alaska 99701-4629  
Telephone 907.451.6500  
Facsimile 907.451.6510

C. **NAHASDA'S EXPRESS REMEDIAL SCHEME AND GRANT OF ULTIMATE ENFORCEMENT AUTHORITY TO HUD PRECLUDES A PRIVATE CAUSE OF ACTION BY IRHA.**

The most insurmountable hurdle to NVFY's claim is that NAHASDA contains an express remedial scheme that grants HUD, not an individual tribe, ultimate oversight responsibility of NAHASDA, and authorizes HUD, not an individual tribe, to bring civil suit against a NAHASDA recipient such as IRHA. As the Ninth Circuit Court of Appeals recently reiterated, "'the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'"[17]

NAHASDA's express remedial scheme emphasizes corrective, not punitive, action if a TDHE falls out of compliance with any of NAHASDA's requirements.[18] Although NAHASDA provides for tribes to oversee monitoring activities of the recipient TDHE, the tribe's oversight role is specifically limited to "requiring the TDHE to prepare periodic progress reports . . . ."[19] If problems are identified, the tribe's only role is "to ensure that appropriate corrective action" is taken.[20] NAHASDA explicitly delegates

---

[17] *San Carlos Apache Tribe*, 417 F.3d at 1095 (quoting *Alexander v. Sandoval*, 532 U.S. 275 (2001)).

[18] *See, e.g.,* 24 CFR 1000.530.

[19] 24 CFR § 1000.502(b).

[20] 24 CFR § 1000.510.

NVFY v. IRHA
IRHA's Opposition to NVFY's Motion for
Reconsideration on Implied Right of Action

Case No. F00-0038 (TMB)
Page 10 of 13

determination of the appropriate corrective action to HUD, not the tribe.[21] Thus a tribe must monitor the TDHE and bring problems to HUD's attention, but only HUD, not the tribe, is authorized to respond to any noncompliance issues. Congress granted only HUD, not a tribe, the statutory authority to determine the appropriate remedy and to take action to pursue it.

NAHASDA's remedial enforcement scheme is explicit, and is inconsistent with finding there is an additional, unspecified (and contradictory) implied right of action by which a tribe can sue even after HUD has exercised its enforcement powers and remedied the alleged NAHASDA violation. As the Supreme Court found in *Abrams*, such a finding "would distort the scheme of . . . judicial review and limited remedies created by [statute]."[22]

Notably, as it did in responding to IRHA's original motion for reconsideration on this issue, NVFY entirely ignores the

---

[21] 24 CFR Part 1000, Subpart F ("Recipient Monitoring, Oversight and Accountability") outlines the provisions for NAHASDA oversight. If problems are identified, HUD is to take informal "corrective and remedial action(s)" to: 1) prevent continuance of performance problems; 2) mitigate any adverse effects or consequences; and 3) deter recurrence of the same or similar problems. 24 CFR § 1000.530(a). The authorized actions include recommending that the recipient reimburse the recipient's program account in the amount improperly expended. *Id.*, (a)(5). Further formal action is allowed *only* if HUD finds substantial noncompliance with any HUD provision, including failure to address identified performance problems under 24 CFR § 1000.530(a). *See* 24 CFR § 1000.538(a); 24 CFR § 1000.530(b).

[22] 125 S.Ct. at 1458.


Vinfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
airbanks, Alaska 99701-4629
elephone 907.451.6500
 acsimile 907.451.6510

NVFY v. IRHA   Case No. F00-0038 (TMB)
*IRHA's Opposition to NVFY's Motion for*   Page 11 of 13
*Reconsideration on Implied Right of Action*

*Abrams* holding.  However, *Abrams* is controlling law, as it involves an implied right of action under a federal statute, rather than a § 1983 claim as was at issue in *Watson*.

V. CONCLUSION.

The *Watson* decision – applicable only to § 1983 actions – does not change what the Ninth Circuit Court of Appeals made clear in *San Carlos Apache Tribe*: where a statute provides one means of enforcement, <u>however limited that enforcement mechanism may be</u>, courts should not impute an independent statutory cause of action absent clear indication that Congress intended another enforcement mechanism to co-exist.[23]

While NAHASDA authorizes some limited oversight responsibility by tribes, it expressly limits their role and instead delegates all enforcement power to HUD.  The most a tribe is authorized to do under NAHASDA is monitor a TDHE and bring any compliance concerns to the TDHE and/or HUD for action.  In short, NAHASDA authorizes only what already has occurred in this case, and leaves determination of the appropriate remedial and corrective action to HUD.

For these reasons, Judge Singleton's December 20, 2005, Order on IRHA's motion for reconsideration should not be

---

[23] *See City of Rancho Palos Verdes,* 125 S.Ct. at 1548-1562; *San Carlos Apache Tribe,* 417 F.3d at 1095, 1099.


Vinfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
Fairbanks, Alaska 99701-4629
Telephone 907.451.6500
Facsimile 907.451.6510

NVFY v. IRHA                                                Case No. F00-0038 (TMB)
IRHA's Opposition to NVFY's Motion for                      Page 12 of 13
Reconsideration on Implied Right of Action

reversed, and NVFY's request to the contrary should be denied.

                              WINFREE LAW OFFICE
                              A Professional Corporation
                              Attorneys for IRHA

Dated: April 13, 2006       s/Daniel E. Winfree
                              301 Cushman Street, Suite 200
                              Fairbanks, Alaska 99701
                              Phone: (907) 451-6500
                              Fax: (907) 451-6510
                              E-mail: dan.winfree@winfreelaw.com
                              Alaska Bar No. 8206076

                              s/Corinne M. Vorenkamp
                              301 Cushman Street, Suite 200
                              Fairbanks, Alaska 99701
                              Phone: (907) 451-6500
                              Fax: (907) 451-6510
                              E-mail: corinne.vorenkamp@winfreelaw.com
                              Alaska Bar No. 0008065

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of April, 2006, a true and complete copy of the foregoing, **IRHA's Opposition to NVFY's Motion for Reconsideration re Implied Right of Action**, was served Electronically on:

Michael Walleri
330 Wendell Street, Suite E,
Fairbanks, Alaska 99701

s/ Daniel E. Winfree

Vinfree Law Office
Professional Corporation
01 Cushman Street, Suite 200
airbanks, Alaska 99701-4629
elephone 907.451.6500
acsimile 907.451.6510

NVFY v. IRHA                                                                         Case No. F00-0038 (TMB)
*IRHA's Opposition to NVFY's Motion for*                    Page 13 of 13
*Reconsideration on Implied Right of Action*