IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIVE VILLAGE OF FORT YUKON | ) | |
| -Plaintiff | ) | Case No. F00-0038 (TMB) |
| vs. | ) | |
| | ) | **REPORT AND REQUEST TO** |
| INTERIOR REGIONAL HOUSING | ) | **SET OFF STATUS HEARING** |
| AUTHORITY, | ) | **FOR FORTY-FIVE DAYS** |
| - Defendant | ) | |

COMES NOW, the Native Village of Fort Yukon (NVFY), with the

concurrence of Interior Regional Housing Authority,(IRHA)  hereby provides the

court with a joint status report and a joint request that the November 15, 2006, status

hearing be set-off 45 days.

As the parties have noted in earlier Status Reports, they reached a provisional

settlement of this litigation that was subject to approval by and implementing action

by AONAP/HUD.  The parties asked AONAP/HUD for preliminary approval and

received that preliminary approval in late September, albeit with conditions that

necessitated further review and approval by the parties.

The parties now are in agreement with the framework of AONAP/HUD's

preliminary approval, and settlement papers are being circulated for signature by

appropriate principals of the parties.  The parties hope to have their Conditional

Settlement Agreement filed with the court by the end of November, 2006.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*
*Native Village of Fort Yukon v IRHA, Case No. F00-0038*
*(TMB)*

Once the Conditional Settlement Agreement has been executed and filed with the court, it will be given to AONAP/HUD, as well, and the parties will immediately work with AONAP/HUD to implement the settlement, which may in and of itself take a number of months to complete. After all of the elements of the Conditional Settlement Agreement have been implemented by the parties and AONAP/HUD, and only at that time, the parties will file appropriate dismissal paperwork with the court. According to the terms of the Conditional Settlement Agreement, if the parties' agreements cannot be or are not implemented by AONAP/HUD, then the Conditional Settlement Agreement is void.

The undersigned has consulted with counsel for Interior Regional Housing Authority, who concurs with this Status Report and Request.


Dated: November 14, 2006                    MICHAEL J. WALLERI

                                            /s/ Michael J. Walleri
                                            Law Offices of Michael J Walleri
                                            330 Wendell St., Suite E
                                            Fairbanks, Alaska 99701
                                            (907) 452-4716
                                            (907) 452-4725
                                            walleri@gci.net
                                            AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*                                                              Page 2 of 3
*Native Village of Fort Yukon v IRHA, Case No. F00-0038*
*(TMB)*

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on November 14, 2006  via ECF to:
Mr. Daniel Winfree
Winfree Law Offices, A.P.C.
P.O. Box 70469
Fairbanks, Alaska 99707
<u>/s/ Michael J. Walleri</u>

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Status Report.*

*Native Village of Fort Yukon v IRHA, Case No. F00-0038*
*(TMB)*