WINFREE LAW OFFICE
*A Professional Corporation*
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NATIVE VILLAGE OF FORT YUKON, )
                    Plaintiff, )
vs. ) **CONDITIONAL SETTLEMENT AGREEMENT**
INTERIOR REGIONAL HOUSING )
AUTHORITY, )
                    Defendant. )

Case No. F00-0038 CV (TMB)

    The parties to this Conditional Settlement Agreement ("this Agreement") are Native Village of Fort Yukon ("NVFY") and Interior Regional Housing Authority ("IRHA"). This Agreement arises from and relates to the above-captioned litigation and all matters directly and indirectly related to the subject matter of the litigation.

    As background, and as more fully set forth in the papers on file with the Court, IRHA served as NVFY's Tribally Designated Housing Entity ("TDHE") under NAHASDA during NAHASDA fiscal years 1998-2000. Disputes arose between the parties about IRHA's service as NVFY's TDHE, and, beginning with NAHASDA fiscal year 2001, NVFY served as its own TDHE under NAHASDA.

    This lawsuit was filed in January of 2000. In essence, NVFY contends that IRHA mismanaged and/or misspent NVFY's NAHASDA monies and seeks damages. In the early course of the

NVFY v. IRHA
*Conditional Settlement Agreement*
Case No. F00-0038CV (TMB)
Page 1

EXHIBIT _1_
PAGE _1_ OF _10_

proceedings, the Court ordered that IRHA not remove from Fort Yukon certain materials and equipment (referred to collectively as "the NAHASDA Materials") remaining after the completion of IRHA's NAHASDA-related work in Fort Yukon. The NAHASDA Materials presently are in storage in Fort Yukon.

As a result of the disputes between the parties, the Alaska Office of Native American Programs, U.S. Department of Housing and Urban Development ("HUD"), conducted certain reviews of IRHA's service as NVFY's TDHE. As a result of those reviews, HUD made certain determinations and directed IRHA to take certain remedial actions. For purposes of this Agreement, the most significant of the determinations and remedial actions relates to NVFY's claim that IRHA provided housing services to a number of ineligible recipients. HUD determined that IRHA was unable to adequately document the eligibility of six people who received NAHASDA program services in Fort Yukon, and directed IRHA to refund the sum of $110,446.61 to the U.S. Treasury or to the NAHASDA program (for credit back to IRHA's NAHASDA program). IRHA did not agree with HUD's determination and directive, but IRHA decided not to pursue the matter further; IRHA paid over to HUD $110,446.61, and that amount then was credited to IRHA's NAHASDA program account where it remains available for IRHA to use in NAHASDA-eligible programs. After this action, HUD closed out its review of IRHA's service as NVFY's TDHE.

WINFREE LAW OFFICE
*A Professional Corporation*
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

NVFY v. IRHA
*Conditional Settlement Agreement*
Case No. F00-0038CV (TMB)
Page 2

EXHIBIT ___
PAGE 2 OF 10

WINFREE LAW OFFICE
*A Professional Corporation*
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

NVFY does not believe that HUD properly reviewed IRHA's service as NVFY's TDHE, does not believe that HUD's remedial requirements were adequate to address the harm it believes it suffered, and does not believe that HUD's closure of the matter prevents NVFY from asserting its own claims against IRHA in this litigation. IRHA, on the other hand, contends that HUD's resolution of all outstanding matters relative to IRHA's service as NVFY's TDHE precludes further litigation by NVFY. Moreover, it is not clear whether NVFY has a 'private right of action' against IRHA under NAHASDA. The Court first ruled in 2003 that NVFY did have a right of action, then, on reconsideration in 2005, ruled that NVFY did not have a right of action. NVFY has the right to seek reconsideration of the latter ruling, and, of course, to appeal to the Ninth Circuit Court of Appeals if the ruling is not overturned on reconsideration.

Rather than continuing to litigate (1) whether NVFY has a private right of action against IRHA under NAHASDA and/or whether all of NVFY's claims are NAHASDA-related claims, (2) whether HUD's investigations, determinations and closures preclude further litigation against IRHA by NVFY, and (3) the substance of viable claims, if any, the parties have agreed on a conceptual framework for the settlement of the litigation. NVFY is prepared to dismiss its claims against IRHA, with prejudice and with the parties to bear their own costs and attorney fees,

WINFREE LAW OFFICE
A Professional Corporation
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

if IRHA can and does transfer from its own NAHASDA program to NVFY's NAHASDA program (1) the aforementioned $110,466.61 and (2) the aforementioned NAHASDA Materials. IRHA is willing to do so, and to participate in the dismissal of the lawsuit, with prejudice and with the parties to bear their own costs and attorney fees. However, the parties recognize and acknowledge that this transfer can occur only with the approval and consent of HUD.

THEREFORE, the parties agree, as follows:

1. The parties jointly shall request that HUD approve and consent to the transfer of $110,446.61 and the NAHASDA Materials from IRHA's NAHASDA program to NVFY's NAHASDA program, such that (1) NVFY shall have full control over the $110,446.61 and the NAHASDA Materials (within the purview of NAHASDA) and shall be answerable only to HUD (as opposed to IRHA) with respect to the application of the $110,446.61 and the NAHASDA Materials, and (2) IRHA shall have no oversight responsibility or other obligation, either to NVFY or to HUD, with respect to the application of the $110,446.61 and the NAHASDA Materials.

2. If HUD does approve and consent to the transfer, and if the transfer is completed, then, upon the completion of the

NVFY v. IRHA
Conditional Settlement Agreement

Case No. F00-0038CV (TMB)
Page 4
EXHIBIT 1
PAGE 4 OF 10

transfer,[1] (1) the parties shall execute and exchange mutual releases substantially in the form attached to this Agreement, and (2) the parties shall file with the Court sufficient papers to dismiss the lawsuit, with prejudice and with the parties to bear their own costs and attorney fees, substantially in the form attached to this Agreement.

3. If HUD does not approve and consent to the transfer, or, if HUD does approve and consent to the transfer but the transfer cannot be or is not completed, there will be no settlement and no obligation on the part of NVFY to dismiss its claims against IRHA or to dismiss the lawsuit.

Native Village Fort Yukon

_____
Nancy James
Executive Director
Dated: 12-06-06

Interior Regional Housing Authority

_____
Steve Ginnis
Executive Director
Dated: 12/11/06

WINFREE LAW OFFICE
A Professional Corporation
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

---

[1] The NAHASDA Materials to be transferred are the materials in storage in Fort Yukon in a garage owned/controlled by a Mr. Cadzow as of the time of the transfer. IRHA makes no warranties or representations as to the current or future condition or amount/extent of the NAHASDA Materials, and IRHA does not accept any risk of loss, including any allegations that materials are or may become missing or destroyed prior to the transfer contemplated under this Agreement.

NVFY v. IRHA                                           Case No. F00-0038CV (TMB)
*Conditional Settlement Agreement*                                      Page 5

EXHIBIT 1
PAGE 5 OF 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF FORT YUKON,<br><br>        Plaintiff,<br><br>vs.<br><br>INTERIOR REGIONAL HOUSING AUTHORITY,<br><br>        Defendant. | **RELEASE OF ALL CLAIMS** |

Case No. F00-0038 CV (TMB)

For valuable consideration received, Native Village of Fort Yukon ("NVFY"), for itself and for its assigns and successors and predecessors-in-interest (all collectively "Releasor"), releases and discharges Interior Regional Housing Authority ("IRHA") and its agents, employees, officers, directors, attorneys, assigns, and successors or predecessors-in-interest (all collectively "Releasees"), from any and all actions, causes of action, claims or demands for damages, fees, costs, expenses, compensation, consequential damages, or any other thing whatsoever on account of or in any way growing out of any and all known and unknown injury or damage resulting or to result from IRHA's service as NVFY's Tribally Designated Housing Entity for NAHASDA programs in NAHASDA fiscal years 1998-2000. This Release encompasses, but is not limited to, all claims asserted or which could have been asserted in the above-captioned case,

**WINFREE LAW OFFICE**
*A Professional Corporation*
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

NVFY v. IRHA
*Release of All Claims*
Case No. F00-0038CV (TMB)
Page 1
EXHIBIT 1
PAGE 6 OF 10

regardless of theory or nature, whether in tort, contract, statute/regulation or otherwise.

Releasor covenants and agrees that Releasor will not, alone or in concert with others, or by virtue of judicial or other proceedings of any kind whatsoever, make or cause to make, acquiesce in or assist in the bringing of any actions against any Releasee(s) with respect to any matters set forth herein. Releasor intends that this agreement will absolutely limit all liability for Releasees to Releasor.

Releasor hereby acknowledges and assumes all risk, chance or hazard that Releasor's injuries or damages, whether compensatory, consequential or punitive, may be or become greater or more extensive than is now known, anticipated, alleged or expected, and that the injuries, losses or damages, if any, may be or become different in nature or character from those that are now known, anticipated, alleged or expected, and that Releasor may be mistaken as to the character and extent of the injuries, losses or damages. Releasor nevertheless intends this Release to discharge Releasees from any liability for damages caused or enhanced or aggravated or contributed to by the acts or omissions of Releasees, whether or not such losses or damages are later discovered or are different in degree or kind than is now alleged, known, anticipated or expected.

WINFREE LAW OFFICE
A Professional Corporation
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

Releasor represents that the settlement which led to the execution of this Release was not secured under duress or in haste at the instigation of Releasees, and that Releasor was not, in agreeing to settlement and to the Release, at a bargaining disadvantage because of the nature of the suit or the claims, loss or damages or for any other reason, and that Releasor has been represented by legal counsel throughout the course of negotiation which led to the settlement and to the execution of this Release. In executing this Release, Releasor does not rely on any statement or representation made by Releasees, or any agent or other person representing Releasees. Releasor deems the settlement to be reasonable.

Releasor represents and warrants that Releasor has all appropriate authorities to execute this release.

**CAUTION: READ BEFORE SIGNING. THIS IS A RELEASE OF ALL CLAIMS.**

Dated this ____ day of _____, 2006.

Native Village of Fort Yukon

_____
Nancy James
Executive Director

WINFREE LAW OFFICE
A Professional Corporation
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

W

NVFY v. IRHA                                    Case No. F00-0038CV (TMB)
Release of All Claims                                              Page 3

EXHIBIT 1
PAGE 8 OF 10

Daniel E. Winfree
Winfree Law Office, APC
Post Office Box 70469
Fairbanks, Alaska 99707
Phone: (907) 458-6465
Facsimile: (907) 458-5540
e-mail: dan.winfree@winfreelaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF FORT YUKON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INTERIOR REGIONAL HOUSING )<br>AUTHORITY, )<br>)<br>Defendant. ) | Case No. F00-0038 CV(TMB) |

**STIPULATION FOR DISMISSAL**

The parties hereby stipulate to the dismissal of all claims by and between them, brought or which could have been brought in this litigation, and further stipulate to a dismissal of the lawsuit itself, with prejudice and with the parties to bear their own costs and attorney fees.

| | |
|---|---|
| WINFREE LAW OFFICE<br>*A Professional Corporation*<br>Attorney for Defendant | MICHAEL J. WALLERI<br>Attorney at Law<br>Attorney for Plaintiff |
| _____<br>Daniel E. Winfree<br>Alaska Bar No. 8206076<br>Dated: _____ | _____<br>Michael J. Walleri<br>Alaska Bar No. 7906060<br>Dated: _____ |

NVFY v. IRHA                                                      Case No. F00-0038CV (TMB)
*Stipulation for Dismissal*                                                              Page 1

EXHIBIT 1
PAGE 9 OF 10

**WINFREE LAW OFFICE**
*A Professional Corporation*
Post Office Box 70469
Fairbanks, Alaska 99701-0469
Office: (907) 458-6465 / Facsimile: (907) 458-5540

Daniel E. Winfree
Winfree Law Office, APC
Post Office Box 70469
Fairbanks, Alaska 99707
Phone: (907) 458-6465
Facsimile: (907) 458-5540
e-mail: dan.winfree@winfreelaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVE VILLAGE OF FORT YUKON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERIOR REGIONAL HOUSING ) <br> AUTHORITY, ) <br> ) <br> Defendant. ) | Case No. F00-0038 CV(TMB) |

**FINAL JUDGMENT**

Based on the stipulation of the parties, this lawsuit is dismissed, with prejudice and with the parties to bear their own costs and attorney fees.

Dated: _____        _____
                             The Honorable Timothy M. Burgess
                             District Court Judge

NVFY v. IRHA
Final Judgment                              Case No. F00-0038CV (TMB)
                                                              Page 1